**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
9/30/2021
**JEFFREY P. COLWELL, CLERK**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____-_____-_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Applicant-Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Respondent.

---

## DECLARATION OF AMY BURKHOLDER,
## DENVER FIELD OFFICE DIRECTOR, IN SUPPORT OF
## APPLICATION FOR AN ORDER TO SHOW CAUSE WHY
## AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

---

I, Amy Burkholder, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am the Field Office Director for the Denver Field Office (DFO) of Applicant Equal Employment Opportunity Commission (EEOC or Commission).  In that role, I am responsible for the operations of the DFO, including the investigation of charges of employment discrimination.

2. The following statements are based on my personal examination of the EEOC's files and my knowledge of the facts and documents described.

3.  The DFO is responsible for investigating charges that employers have engaged in employment practices made unlawful by, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* (Title VII), and the

Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*
(ADA).

   4.      Among EEOC's investigative files in the DFO are the five charge files for
the following Charge Nos., each filed against Frontier Airlines, Inc. ("Frontier") by the
individual Charging Parties, respectively identified below, each of whom is or was
employed as a Pilot by Frontier:  541-2016-01704 (Freyer, Randy); 541-2016-01707
(Kiedrowski, Shannon); 541-2016-01708 (Zielinski, Erin); 541-2016-01709 (Beck,
Brandy); 541-2018-02426 (Hughes-Draughn, Trisha).  (Ex. 2.)

   5.      Also among EEOC's investigative files in the DFO are the charge files for
the following five Charges, each filed against Frontier Airlines, Inc. ("Frontier") by the
respectively-named individual Charging Parties, each of whom is or was employed as a
flight attendant by Frontier: 541-2017-01427 (Roby, Jo Linda); 541-2017-01430
(Rewitzer, Stacy); 541-2018-00055 (Schwartzkopf, R.); 541-2018-00056   (Hodgkins,
Melissa); 541-2018-02436 (Crowe, Heather).  (Ex. 2).

   6.      After receiving Notice of all ten Charges of Discrimination, Frontier filed
with the Commission Position Statements Responding to each of the Charges. (Ex. 3.)

   7.      On August 2, 2018, I issued Subpoenas numbered DE-018-020 and DE-
018-021 to Frontier (together, the "Witness Subpoenas" (Ex. 1 at 1–4.).  These
subpoenas required and directed Frontier managerial employees Mr. Charles Aaron
Rex and Mr. Gerardo (Jerry) Arellano to testify.  Mr. Rex is or was Frontier's Assistant
Chief Pilot.  Mr. Arellano is or was Frontier's Senior Employee Relations Manager.

8.      The Witness Subpoenas required that the testimony of Messrs. Rex and Arellano be "given under oath" and "audio-recorded."  (Ex. 1 at 1, 3.)

9.      On August 13, 2018, Frontier filed with the Commission two Petitions to Revoke or Modify the two Witness Subpoenas.  (Ex. 4 at 1–38.)

10.      On August 31, 2018, I issued a Subpoena numbered DE-018-022 on Frontier (Ex. 1 at 5–11 (the "Document Subpoena")), which required and directed Frontier to produce documents and information, as described and identified in the subpoena.

11.      On September 10, 2018, Frontier filed with the Commission a third Petition to Revoke or Modify the Document Subpoena, DE-018-022.  (Ex. 4 at 39–75.)

12.      On December 10, 2019, Pilot Charging Parties Freyer, Beck, Zielinski, and Kiedrowski filed claims against Frontier in this District Court, in *Freyer et al. v. Frontier Airlines, Inc.*, No. 19-cv-03468-CMA-SKC.  The same day, Flight Attendant Charging Parties Hodgkins, Rewitzer, Schwartzkopf, and Crowe also filed claims against Frontier in this District Court, in *Melissa Hodgkins, et al. v. Frontier Airlines, Inc.*, No. 19-cv-03469-RPM-MEH.  (Together, "Charging Parties' Lawsuits")

13.      The EEOC is not a party in the Charging Parties' lawsuits.  The Charging Parties' lawsuits did not end the EEOC's investigation.

14.      On February 19, 2020, the Commission issued a Determination denying Frontier's petitions to revoke or modify the subpoenas.  (Ex. 5.)  The Determination addressed and overruled all of Frontier's objections to the three subpoenas.  (*See id.*at 29–30.)

15.     As to the Witness Subpoenas, the Determination required that Frontier "contact the EEOC to reschedule the interviews of Messrs. Rex and Arellano, to be completed under oath and subject to audio recording." (Ex 5 at 30.)  As to the Document Subpoena, the Determination denied Frontier's Petition and directed Frontier to "provide all the information and documents responsive to requests 4, 10, 19 and 20," deferring action on other requests.  (*Id.*)

16.     Frontier did not contact the EEOC to reschedule the interviews of Mr. Rex and/or Mr. Arellano as required by the Commission's Determination.  Frontier also did not provide any of the information requested in the document subpoena as required by the Determination.

17.     In the communications that I and other DFO staff have had with Frontier's counsel since the Commission's Determination, Frontier has made clear to the EEOC that it will not comply with the Commission's Subpoenas or Determination.

18.     On March 2, 2020, EEOC Investigator Todd Chavez sent an e-mail to counsel for Frontier, stating, in part:  "I understand Frontier will not be producing the witnesses named in the Determination or in any other request.  Please let me know if I am wrong.  Also, will Frontier be providing the responsive information and documents to the EEOC 's Denver Field Office within 21 days from the date of the Subpoena Determination?"  (Ex. 6 at 2–3)

19.     Also on March 2, 2020, Counsel for Frontier responded to Investigator Chavez, noting that Frontier was pursuing mediation in the Charging Parties' Lawsuits, and stating, in part, Frontier's position that "it would be a waste of time and expense,"

for Frontier to comply with the Commission's Subpoena Determination, and that, "[a]ny interviews by the EEOC or further responses to any EEOC requests for information will not proceed at this juncture."  (Ex. 6 at 1–2.)

20.     On May 6, 2020, the EEOC issued Notice of Right to Sue ("NRTS") letters to the eight Charging Parties bringing claims in the Charging Parties' Lawsuits.

21.     I am aware that in the Charging Parties Lawsuits', the parties participated in multiple days of Settlement Conference sessions with U.S. Magistrate Judge Hegarty, including on May 14, 2020, June 4, 2020, July 21, 2020, and September 24, 2020 (as reflected in the docket  of Case No. 19-cv-3469-RPM-MEH, ECF Nos. 30, 36, 37, 39).  I am aware that these settlement negotiations have not resulted in resolution of the Charging Parties' Lawsuits and that litigation remains ongoing.

22.     Two Charging Parties have not requested NRTS, Flight Attendant Roby and Pilot Hughes-Draughn.  Their Charges, Nos. 541-2018-02426C (Hughes-Draughn) and 541-2017-01427C (Roby) remain open and remain the subject of the EEOC's ongoing investigation.  The EEOC has not reached a disposition as to the allegations of sex- and disability-discrimination and unlawful employment practices in these charges.

23.     As of the date of this Declaration, Frontier has refused to produce Mr. Rex or Mr. Arellano for interviews, to be recorded and conducted under oath, as required by the Witness Subpoenas and Commission's Determination, and Frontier has failed to provide the EEOC with any off the information requested in the Document Subpoena.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED:   September 30, 2021,

_____

Amy Burkholder
Field Office Director
U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
Denver Field Office
950 17th Street, #300
Denver, CO  80202