# Composite Exhibit 1

## Administrative Subpoenas

|  |  | Page(s) |
|---|---|---|
| Subpoena DE-018-020 | (Witness Rex) | 1–2 |
| Subpoena DE-018-021 | (Witness Arellano) | 3–4 |
| Subpoena DE-018-022 | (Documents) | 5–11 |

EEOC Form 136
(1/09)

**UNITED STATES OF AMERICA**
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## SUBPOENA

TO: Mr. Charles A. Rex
c/o Frontier Airlines
7001 Tower Rd.
Denver, CO 80249

NO: DE-018-020

IN THE MATTER OF: Randi Freyer, et al. v. Frontier Airlines
See Attachment 1

Charge No. See Attachment 1

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☒ Testify before:   ☐ Produce and bring * or   ☐ Mail * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Todd Clavez, Federal Investigator                                   of the Equal Employment Opportunity Commission

at 303 E. 17th, Ave., Suite 410, Denver, CO 80203        on August 16, 2018        at 9:00 AM   o'clock

The evidence required is
1. Testimony from Charles Aaron Rex concerning his employment at Frontier Airlines including, but not limited to, his role at the company and his knowledge of Frontier Airlines' policies, procedures, and practices which reference or relate to the Americans with Disabilities Act (ADA) of 1990, as amended, Title VII of the Civil Rights Act of 1964, as amended, including pregnancy, breastfeeding and childbirth related policies, dependability policies, maternity leave, Family Leave and Medical Act (FMLA) leave, other leaves of absence, reasonable accommodations for breastfeeding and temporary work assignment and modified work duties, disciplinary actions, and job duties and descriptions.
2. Testimony related to Randi Freyer and all related charges of discrimination.
3. Testimony related to Linda Jo Raby and all related charges of discrimination.
4. The testimony shall be given under oath and it will be audio-recorded.

CC: Danielle L. Kitson, Shareholder
Littler
1901 Sixteenth Street, Suite 800
Denver, CO 80202-5835

This subpoena is issued pursuant   ☒ (Title VII) 42 U.S.C. 2000e-9    ☐ (ADEA) 29 U.S.C. 626(a)   ☐ (EPA) 29 U.S.C. 209
(EPA) 29 C.F.R. 1620.30 - 1620.31   ☒ (ADA) 42 U.S.C. 12117(a)        ☐ (GINA) 42 U.S.C. 2000ff-6
X (Title VII, ADA & GINA) 29 C.F.R. 1601.15 - 1601.17              (ADEA) 29 C.F.R. 1626.15 - 1626.16

ISSUING OFFICIAL (Typed name, title and address)        ON BEHALF OF THE COMMISSION

Elizabeth Cadle, Phoenix District Director
303 E. 17th Avenue, Suite 410
Denver, CO 80203

[signature] for

August 02, 2018
Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

Page 1

**EXHIBIT 1**

| IN THE MATTER OF: | CHARGE NUMBERS: |
|---|---|
| Jo Linda Roby v. Frontier Airlines | 541-2017-01427 |
| Stacy Rewitzer v. Frontier Airlines | 541-2017-01430 |
| Renee Schwartzkopf v. Frontier Airlines | 541-2018-00055 |
| Melissa Hodgkins v. Frontier Airlines | 541-2018-00056 |
| Heather Crowe v. Frontier Airlines | 541-2018-02436 |
| Randi Freyer v. Frontier Airlines | 541-2016-01704 |
| Shannon Kiedrowski v. Frontier Airlines | 541-2016-01707 |
| Erin Zielinski v. Frontier Airlines | 541-2017-01708 |
| Brandi Beck v. Frontier Airlines | 541-2016-01709 |
| Trisha Hughes-Draughn v. Frontier Airlines | 541-2018-02426 |

Attachment 1

EEOC Form 136
(11/09)

# UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## SUBPOENA

TO: Mr. Gerardo Arellano
c/o Frontier Airlines
7001 Tower Rd.
Denver, CO 80249

NO: DE-018-021

IN THE MATTER OF: Jo Linda Roby, et al. v. Frontier Airlines
See Attachment 1

Charge No. See Attachment 1

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☒ Testify before:   ☐ Produce and bring * or   ☐ Mail * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Justin Moore, Federal Investigator                    of the Equal Employment Opportunity Commission

at 303 E. 17th. Ave., Suite 410, Denver, CO 80203    on August 16, 2018    at 11:00 AM    o'clock

The evidence required is

1. Testimony from Gerardo (Jerry) Arellano, Senior Employee Relations Manager of Frontier Airlines, concerning his employment at Frontier Airlines, including, but not limited to, his role at the company and his knowledge of Frontier Airlines' policies, procedures, and practices which reference or relate to the Americans with Disabilities Act (ADA) of 1990, as amended, Title VII of the Civil Rights Act of 1964, as amended, including pregnancy, breastfeeding and childbirth related policies, dependability policies, maternity leave, Family Leave and Medical Act (FMLA) leave, other leaves of absence, reasonable accommodations for breastfeeding and temporary work assignment and modified work duties, disciplinary actions, and job duties and descriptions.
2. Testimony related to Linda Jo Roby and all related charges of discrimination.
3. Testimony related to Randi Freyer and all related charges of discrimination.
4. The testimony shall be given under oath and it will be audio-recorded.

CC: Danielle L. Kitson, Shareholder
Littler
1900 Sixteenth Street, Suite 800
Denver, CO 80202-5835

This subpoena is issued pursuant    ☒ (Title VII) 42 U.S.C. 2000e-9    ☐ (ADEA) 29 U.S.C. 626(a)    ☐ (EPA) 29 U.S.C. 209
(EPA) 29 C.F.R. 1620.30 - 1620.31    ☒ (ADA) 42 U.S.C. 12117(a)    ☐ (GINA) 42 U.S.C. 2000ff-6
X (Title VII, ADA & GINA) 29 C.F.R. 1601.15 - 1601.17    (ADEA) 29 C.F.R. 1626.15 - 1626.16

ISSUING OFFICIAL (Typed name, title and address)    ON BEHALF OF THE COMMISSION

Elizabeth Cadle, Phoenix District Director
303 E. 17th Avenue, Suite 410
Denver, CO 80203

[signature] for

August 02, 2018
Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

Page 3

| IN THE MATTER OF: | CHARGE NUMBERS: |
|---|---|
| Jo Linda Roby v. Frontier Airlines | 541-2017-01427 |
| Stacy Rewitzer v. Frontier Airlines | 541-2017-01430 |
| Renee Schwartzkopf v. Frontier Airlines | 541-2018-00055 |
| Melissa Hodgkins v. Frontier Airlines | 541-2018-00056 |
| Heather Crowe v. Frontier Airlines | 541-2018-02436 |
| Randi Freyer v. Frontier Airlines | 541-2016-01704 |
| Shannon Kiedrowski v. Frontier Airlines | 541-2016-01707 |
| Erin Zielinski v. Frontier Airlines | 541-2017-01708 |
| Brandi Beck v. Frontier Airlines | 541-2016-01709 |
| Trisha Hughes-Draughn v. Frontier Airlines | 541-2018-02426 |

- EEOC Form 136
  (11/09)

# UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO: Frontier Airlines, Inc.
c/o Ms. Danielle L. Kitson, Esq.
Littler
1900 Sixteenth Street, Suite 800
Denver, CO 80202-58735

NO: DE-018-022

IN THE MATTER OF: Randi Freyer, et al. v. Frontier Airlines
See Attachment 1

Charge No. 541-2016-01704/ See Attachment 1

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official, YOU ARE HEREBY REQUIRED AND DIRECTED TO:

☐ Testify before:        ☐ Produce and bring * or        ☒ Mail * the documents described below to:

☐ Produce access to the evidence described below for the purpose of examination or copying to:

Todd Chavez and Justin Moore, Federal Investigators        of the Equal Employment Opportunity Commission

at 303 E. 17th. Ave., Suite 410, Denver, CO 80203        on Monday, September 17, 2018  at  10:00 AM        o'clock

The evidence required is

See Attachment 1: Request for Information

Served Via Email on August 31, 2018 to Ms. Kitson.

This subpoena is issued pursuant    ☒ (Title VII) 42 U.S.C. 2000e-9    ☐ (ADEA) 29 U.S.C. 626(a)    ☐ (EPA) 29 U.S.C. 209
(EPA) 29 C.F.R. 1620.30 - 1620.31    ☒ (ADA) 42 U.S.C. 12117(a)    ☐ (GINA) 42 U.S.C. 2000ff-6
X (Title VII, ADA & GINA) 29 C.F.R. 1601.15 - 1601.17        (ADEA) 29 C.F.R. 1626.15 - 1626.16

ISSUING OFFICIAL (Typed name, title and address)        ON BEHALF OF THE COMMISSION

Elizabeth Cadle, Phoenix District Director
303 E. 17th Avenue, Suite 410
Denver, CO 80203

_____ for    083118
                                  Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to a Commission office unless the box "Testify before" is also checked on the subpoena.

Page 5

| IN THE MATTER OF: | CHARGE NUMBERS: |
|---|---|
| Randi Freyer v. Frontier Airlines | 541-2016-01704 |
| Shannon Kiedrowski v. Frontier Airlines | 541-2016-01707 |
| Erin Zielinski v. Frontier Airlines | 541-2017-01708 |
| Brandi Beck v. Frontier Airlines | 541-2016-01709 |
| Trisha Hughes-Draughn v. Frontier Airlines | 541-2018-02426 |
| Jo Linda Roby v. Frontier Airlines | 541-2017-01427 |
| Stacy Rewitzer v. Frontier Airlines | 541-2017-01430 |
| Renee Schwartzkopf v. Frontier Airlines | 541-2018-00055 |
| Melissa Hodgkins v. Frontier Airlines | 541-2018-00056 |
| Heather Crowe v. Frontier Airlines | 541-2018-02436 |

### Attachment 1: Request for Information (RFI)

The following RFI concerns the relevant time period from January 1, 2013 through the Present.

1. In an electronic format[1], submit a list of all pregnant *Captains* placed on unpaid maternity leave from January 1, 2013 through and including the present. For each employee, include the following:
   a. First name,
   b. Last name,
   c. Date of hire,
   d. Social Security Number,
   e. Date(s) placed on unpaid maternity leave,
   f. Identify if after 32nd week of pregnancy,
   g. Was an individualized assessment performed on the employee prior to placing the pregnant pilot on unpaid maternity leave to determine what other jobs, duties or positions she could perform,
   h. Date(s) returned from unpaid maternity leave,
   i. Current employment status,
   j. Title of current position or last position occupied,
   k. If separated, date of separation,
   l. Reason for the separation,
   m. Last known residential address,
   n. Last known residential telephone number,
   o. Last known personal cellular telephone number, and
   p. Last known personal email address.

2. In an electronic format identified in footnote 1, submit a list of all pregnant *First Officers* placed on unpaid maternity leave from January 1, 2013 through and including the present. For each employee, include the following:
   a. First name,
   b. Last name,

---

[1] The data should be provided on USB drive. It may be written in one of the following formats: Excel, Access or ASCII delimited ("csv"). Other formats may be acceptable if approved by the EEOC prior to submission. Regardless of format, EEOC asks that the first row consist of the field or variable names with subsequent rows for employee observations without blanks or repeating variable names or titles. There should be one column for each variable requested. Each data set that contains employee information must have a unique identifier that allows the data set to be linked to other employee data bases, preferably social security number.

In addition, it is essential that all coded values be thoroughly defined. For each of the tables (files) produced, provide a definition of each of the fields of information on each record. Also, for each field of information that contains a code to capture the value of the field such as "M" for the field of information called "SEX," indicate the value of that code. For example, "M" equals "male". These variable and code definitions must be provided in an EXCEL or WORD format or a format approved by the EEOC prior to submission.

Page 6

       c.    Date of hire,
       d.    Social Security Number,
       e.    Date(s) placed on unpaid maternity leave,
       f.    Identify if after 32nd week of pregnancy,
       g.    Was an individualized assessment performed on the employee prior to placing the pregnant pilot on unpaid maternity leave to determine what other jobs, duties or positions she could perform,
       h.    Date(s) returned from unpaid maternity leave,
       i.    Current employment status,
       j.    Title of current position or last position occupied,
       k.    If separated, date of separation,
       l.    Reason for the separation,
       m.    Last known residential address,
       n.    Last known residential telephone number,
       o.    Last known personal cellular telephone number, and
       p.    Last known personal email address.

3. Explain, in detail, why a pregnant Captain or pregnant First Officer must go on leave after the 32nd week of pregnancy? In addition, provide the following:
       a.    Is there any Federal Aviation Administration (FAA) policy, guidance and/or regulation that requires a pregnant Captain or pregnant First Officer to go on leave after her 32nd week of pregnancy? If yes, submit a true and complete copy of all FAA documentation to support your answer.
       b.    Does Respondent perform an individualized assessment of whether or not the pregnant Captain or pregnant First Officer can perform the essential functions of their position after the 32nd week of pregnancy with or without some type of an accommodation[2]? If yes, explain in detail and submit all documentation to support your answer.
       c.    If the policy requiring pregnant Captains and/or pregnant First Officers to go on leave after their 32nd week of pregnancy was negotiated by Respondent and the union, submit the names, titles and genders of all parties who negotiated the original agreement for Respondent, provide the date it originally became effective and submit a true and complete copy of the original signed agreement.
          (1)    Submit the names, titles and genders of all union officials who negotiated the original agreement with Respondent and provide their contact information.
          (2)    Submit true and complete copies of the above-mentioned current agreement and the date it became effective.

4. Explain, in detail, why a pregnant Flight Attendant must immediately notify the Respondent of their pregnancy, when confirmed by their doctor. In addition, provide the following:
       a.    Is there any Federal Aviation Administration (FAA) policy, guidance and/or regulation that requires a pregnant Flight Attendant to notify the airline of their pregnancy? If yes, submit a true and complete copy of all FAA documentation to support your answer.
       b.    If the policy requiring pregnant Flight Attendants to notify Respondent of their pregnancy after confirmation by a doctor was negotiated by Respondent and the union, submit the names, titles and genders of all parties who negotiated the original agreement for Respondent, provide the date it originally became effective and submit a true and complete copy of the original signed agreement.

---

[2] The definition of accommodations includes, but is not limited to, temporary ground assignments at any location, job restructuring, schedule modifications, additional break time, paid or unpaid leave, access to a secure and private location, or relief from the operation of any other applicable policy.

(1) Submit the names, titles and genders of all union officials who negotiated the original agreement with Respondent and provide their contact information.
(2) Submit true and complete copies of the above-mentioned current agreement and the date it became effective.

5. In an electronic format identified in footnote 1, submit a list of all pregnant *Captains* who requested unpaid maternity leave from January 1, 2013 through and including the present. For each employee, include the following:
   a. First name,
   b. Last name,
   c. Date of hire,
   d. Social Security Number,
   e. Date(s) placed on unpaid maternity leave,
   f. Date notified Frontier they were pregnant,
   g. Was an individualized assessment performed on the employee prior to placing the pregnant pilot on unpaid maternity leave to determine what other jobs, duties or positions she could perform,
   h. Date(s) returned from unpaid maternity leave,
   i. Current employment status,
   j. Title of current position or last position occupied,
   k. If separated, date of separation,
   l. Reason for the separation,
   m. Last known residential address,
   n. Last known residential telephone number,
   o. Last known personal cellular telephone number, and
   p. Last known personal email address.

6. In an electronic format identified in footnote 1, submit a list of all pregnant *First Officers* who requested unpaid maternity leave from January 1, 2013 through and including the present. For each employee, include the following:
   a. First name,
   b. Last name,
   c. Date of hire,
   d. Social Security Number,
   e. Date(s) placed on unpaid maternity leave,
   f. Date they notified Frontier they were pregnant,
   g. Was an individualized assessment performed on the employee prior to placing the pregnant pilot on unpaid maternity leave to determine what other jobs, duties or positions she could perform,
   h. Date(s) returned from unpaid maternity leave,
   i. Current employment status,
   j. Title of current position or last position occupied,
   k. If separated, date of separation,
   l. Reason for the separation,
   m. Last known residential address,
   n. Last known residential telephone number,
   o. Last known personal cellular telephone number, and
   p. Last known personal email address.

7. In an electronic format identified in footnote 1, submit a list of all *male Captains* who were unable to pilot a Frontier aircraft due to: *(a) an on-the-job injury; (b) a non-work related injury; or, (c) any other medical condition or disability."* For each employee, include the following:
   a. First name,
   b. Last name,
   c. Date of hire,

Page 8

      d. Social Security Number,
      e. Date(s) placed on unpaid leave,
      f. Date(s) returned from unpaid leave,
      g. If the Captain was no longer qualified to fly, explain in detail including, but not limited to, any accommodations and/or reassignments,
      h. Current employment status,
      i. Title of current position or last position occupied,
      j. If separated, date of separation,
      k. Reason for the separation,
      l. Last known residential address,
      m. Last known residential telephone number,
      n. Last known personal cellular telephone number, and
      o. Last known personal email address.

8. In an electronic format identified in footnote 1, submit a list of all *male First Officers* who were unable to pilot a Frontier aircraft due to: *(a) an on-the-job injury; (b) a non-work related injury; or, (c) any other medical condition or disability.*" For each employee, include the following:
      a. First name,
      b. Last name,
      c. Date of hire,
      d. Date of birth,
      e. Date(s) placed on unpaid leave,
      f. Date(s) returned from unpaid leave,
      g. If the First Officer was no longer qualified to fly, explain in detail including, but not limited to, any accommodations and/or reassignments,
      h. Current employment status,
      i. Title of current position or last position occupied,
      j. If separated, date of separation,
      k. Reason for the separation,
      l. Last known residential address,
      m. Last known residential telephone number,
      n. Last known personal cellular telephone number, and
      o. Last known personal email address.

9. Explain, in detail, why a pregnant Captain and First Officer is required to inform Frontier within 14 days after learning of her pregnancy and submit all documentation to support your answer. Also, submit the following:
      a. Explain, in detail, how often the pregnant Captain and First Officer is required to submit a medical clearance from the treating physician. Is this an FAA requirement? If so, submit the regulation.

10. Identify by name all positions within Frontier Airlines which require the pregnant Frontier Airlines employee to take leave at a specific week in the pregnancy or specific time period in their pregnancy. For each position identified by Respondent, submit a true and complete copy of the position description that was in effect on January 1, 2013 and all subsequent revisions, including the date they became effective. In addition, explain in detail why the employee was/is required to take leave and submit all documentation to support your answer including, but not limited to, all FAA policy, guidance and/or regulations.

11. Explain, in detail, Respondent's policy and practices for Captains and First Officers (both hereinafter "Pilots") who need to use the restroom while the aircraft is in the air and in flight. Submit true and complete copies of all documentation to support your answer. Please provide the following:

Page 9

a. Submit true and complete copies of all FAA policies, guidance and regulations relied upon by Respondent in implementing its policies for Pilots who need to use the restroom while the aircraft is in the air and in flight ("Restroom Policies"). If Respondent's policy or practices have changed for the relative time period indicate how and when the Restroom policies changed. If the FAA policies, guidance and regulations relied upon by Respondent in implementing the Restroom Policies have also changed indicate how and when Respondent's reliance changed.

12. Explain, in detail, Respondent's policy and practice which prevent female Captains, First Officers and Flight Attendants from harvesting or expressing breastmilk in the restroom while the aircraft is in the air and in flight. Submit true and complete copies of all documentation to support your answer. Please provide the following:
   a. Submit true and complete copies of all FAA policies, guidance and regulations relied upon by Respondent in implementing its policies for Pilots and Flight Attendants who need to harvest or express breastmilk in the restroom while the aircraft is in the air and in flight.

13. In its statement of position, Respondent wrote, "*The CBA does not require and Frontier's standard practices do not provide for the provision of a temporary light duty assignment at Frontier's corporate office or at the airport to any pilot (male or female) unable to fly due to: (a) an on-the-job injury; (b) a non-work related injury; or, (c) any other medical condition or disability.*" Since January 1, 2013, has any Pilot been unable to fly due to: (a) an on-the-job injury; (b) a non-work related injury; or, (c) any other medical condition or disability been assigned light duty, either temporary or permanent, at any place within Respondent's organization, including but not limited to Respondent's training facility? If yes, explain in detail and submit all documentation to support your answer. In addition, for each employee who received the above-mentioned light-duty, submit the following:
   a. First name,
   b. Last name,
   c. Date of hire,
   d. Social Security Number,
   e. Date(s) assigned light-duty,
   f. Title at the time light-duty was provided,
   g. If separated, date of separation,
   h. Reason for the separation,
   i. Last known residential address,
   j. Last known residential telephone number,
   k. Last known personal cellular telephone number, and
   l. Last known personal email address.

14. From January 1, 2013 through and including the present, explain, in detail, how Respondent communicates its written rules, policies and procedures to non-management employees relating to a request to express or pump breast milk at work. If the above-mentioned policy was revised after January 1, 2013, then submit true and complete copies of all revisions and submit the date they became effective.

15. From January 1, 2013 through and including the present, explain, in detail, how Respondent communicates its written rules, policies and procedures to management employees relating to a request to express or pump breast milk at work. If the above-mentioned policy was revised after January 1, 2013, then submit true and complete copies of all revisions and submit the date they became effective.

16. From January 1, 2013 through and including the present, explain, in detail, how Respondent communicates its written rules, policies and procedures relating to use of the lactation room at DIA since January 1, 2013. If the above-mentioned policy was revised after January 1, 2013, then submit true and complete copies of all revisions and submit the date they became effective.

17. Submit a true and complete copy of position description that was in effect on January 1, 2013 for the position of Captain. If the position description was revised after the above-mentioned date, submit true and complete copies of all revisions and the date they became effective.

18. Submit a true and complete copy of position description that was in effect on January 1, 2013 for the position of First Officer. If the position description was revised after the above-mentioned date, submit true and complete copies of all revisions and the date they became effective.

19. For the relevant time period, submit a copy of all documents that discuss accommodations for any Frontier Flight Attendant for reasons related to disability, injury, illness, or a medical condition, including pregnancy and pregnancy-related medical conditions. For each employee, provide an electronic spreadsheet containing the following information: first and last name, job title(s), sex, last known home and cellular telephone numbers, last known residential mailing address, last known personal e-mail address and dates of employment; the applicable dates of each request, the nature of each individual's disability, injury, illness, or medical condition, the nature of the accommodation requested, Respondent's response to each request for accommodation, and the duration of any accommodation provided. Identify by full name, date of hire, and job title each decision-maker involved in approving or denying each requested accommodation and include last known contact information for each decision-maker.

20. For the relevant time period, submit a copy of all documents related to the temporary placement of any current or former Frontier employee with Goodwill or any other outside employer or agency due to disability, injury, illness or medical condition, including pregnancy or pregnancy-related medical condition. In an electronic spreadsheet, provide the following information: employee's first and last name, job title(s), sex, last known home and cellular telephone numbers, last known residential mailing address, last known personal e-mail address and dates of employment; the applicable dates of each request, the nature of each individual's disability, injury, illness, or medical condition, and the duration of any placement provided. Identify by full name, date of hire, and job title each decision-maker involved in approving or denying each requested accommodation and include last known contact information for each decision-maker.