FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
09/30/2021
JEFFREY P. COLWELL, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____21___-mc-__191-DDD

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,

    Applicant-Plaintiff,

v.

**FRONTIER AIRLINES**,

    Respondent.

---

## MEMORANDUM IN SUPPORT OF
## APPLICATION FOR ORDER TO SHOW CAUSE WHY
## ADMINISTRATIVE SUBPOENAS SHOULD NOT BE ENFORCED

---

Respondent Frontier Airlines, Inc. ("Frontier") has refused to comply with three EEOC administrative subpoenas, seeking witness testimony and the production of documents and information relevant to allegations in charges of discrimination under investigation by the EEOC.

The EEOC's subpoena power is well established and interpreted broadly. While acknowledging that the EEOC can interview two management witnesses, Frontier has objected that it will not permit those witnesses to provide statements subject to an oath to tell the truth, and also will not permit the EEOC to preserve the interviews by audio recording. The EEOC has ruled administratively to enforce the subpoenas. This Court should do the same. Despite Frontier's objections, the EEOC's regulatory authority, its procedural guidance, and common sense all allow the EEOC to follow these procedures

in its investigations of employment discrimination.  No additional cost or undue burden is imposed on Frontier, and Frontier has identified no authority or cognizable legal objection to justify its refusal to comply with valid subpoenas seeking relevant information.

Frontier likewise cannot meet its burden to demonstrate any undue burden in producing four discrete categories of written documents and information, tailored to specific issues related to the pending allegations of discrimination against female pilots and flight attendants based on pregnancy, childbirth and related conditions or requests for accommodation.  Because the EEOC's subpoenas are authorized by the its statutory authority and seek relevant information without imposing undue burdens, the Court should enforce each of the Subpoenas.

## I. BACKGROUND

### A. Charges of Discrimination

From 2016 through 2018 five female Frontier Airlines pilots and five female flight attendants filed charges of discrimination with the EEOC alleging sex and disability discrimination in connection with pregnancy, childbirth, and breastfeeding.(Decl. ¶¶ 4–5.)[1]  These charges alleged violations of Title VII as well as violations of the Americans With Disabilities Act ("ADA"), based on pregnancy, disability, and pregnancy-related disability. (*See id.*, ¶¶ 4-5; *see generally* Decl. Ex. 2.)  The flight attendants, for example, alleged that Frontier is "systematically failing to accommodate the needs of its

---

[1] Citations to "Decl." are to the Declaration of Amy Burkholder filed contemporaneously with this Memorandum.  Citations to "Decl. Ex." are to the documents attached to the Burkholder Declaration as exhibits.

pregnant and breastfeeding Flight Attendants" (Decl. Ex. 2 at 39). The pilots alleged that "Frontier is failing to accommodate the needs of its pregnant or breastfeeding pilots," and "subjects its pilots to policies and practices that discriminate against women." (Decl. Ex. 2 at 101.)

The Charges alleged systemic, class-based discrimination and called for investigation on that basis. For example, pilot Hughes-Draughn "request[ed] that EEOC investigate all of the claims made ... on a class-wide basis," alleging a "pattern and practice of discrimination based on sex." (Decl. Ex. 2 at107 ¶¶–50)[2]

### B.  EEOC Subpoenas for Testimony and Documents

As part of its investigation, the EEOC sought to interview Mr. Charles A. Rex, Frontier's Assistant Chief Pilot. Frontier refused to let this interview proceed when the EEOC investigator sought to obtain Mr. Rex's testimony under oath. (*See* Decl. Ex. 5 at 6–7.) Similarly, the EEOC requested an interview with Mr. Gerardo Arellano, Frontier's Senior Human Resources Manager, and Frontier would not permit this interview to be audio recorded. (*Id.*) The EEOC then issued two administrative subpoenas (Nos. DE-

---

[2] The charges allege Frontier discriminated against female pilots and Flight Attendants during and after pregnancy in several ways, including, *e.g.*, (1) by not providing adequate and appropriate leave policies related to pregnancy and childbirth; (2) by rigidly requiring female pilots and Flight Attendants to take unpaid leave during pregnancy; (3) by failing to provide adequate accommodations for employees to breastfeed or to pump or express breastmilk on the job after returning to work following childbirth, particularly including on-board aircraft and in reasonable proximity to airport gates; (4) by not providing female pilots and Flight Attendants with options for temporary work reassignment to permit them to continue working while pregnant or to the extent pregnancy, childbirth complications, and/or breastfeeding requirements prevent them from working in their usual roles; and (5) by unreasonably requiring its employees to provide Frontier notice of a pregnancy and/or to provide multiple medical work releases, before the pregnancy affects their abilities to perform their jobs. (*See generally* Decl. Ex. 2 at 39–49, 101–107.)

018-020 and DE-018-021 (together, the "Witness Subpoenas")) requiring Mr. Rex and Mr. Arellano to be interviewed "under oath," and "audio-recorded.'" (Decl. Ex. 1 at 1, 3.)

In addition to the Witness Subpoenas, the EEOC also issued subpoena number DE-018-22 (the "Document Subpoena"), seeking identified documents and information, including: (a) a written explanation and information related to policies requiring Flight Attendants to provide notice of a pregnancy (Request #4); (b) identification of positions subject to a Frontier policy requiring employees holding those positions to take leave "at a specific week in the pregnancy or specific time period in their pregnancy") (Request #10); (c) "documents that discuss accommodations for any Frontier Flight Attendant for reasons related to disability, injury, or a medical condition, including pregnancy and pregnancy-related medical conditions," (Request #19); and (d) documents related to any temporary placements of employees with any "outside employer or agency due to a disability, injury, illness or medical condition, including pregnancy or pregnancy related medical condition (Request #20). (Decl. Ex. 1 at 5–11.)

## C.  EEOC's Determination Enforcing the Subpoenas

Frontier petitioned the EEOC to revoke or modify all three subpoenas. (Decl. Ex. 4.). The Commission evaluated Frontier's Petitions and issued a Determination denying all three Petitions. (Decl. Ex. 5.) As to the interviews of Rex and Arellano, the Determination ruled that Frontier must schedule the interviews "under oath and subject to audio recording." (*Id*. at 30.)  As to the Document Subpoena, the Determination ruled that Frontier must "provide all the information and documents responsive to requests 4, 10, 19, and 20," deferring action on other requests. (*Id*.)

4

### D. Frontier's Failure to Comply With the Subpoenas and Determination

After the Commission issued its Determination, Frontier informed the EEOC that it would *not* comply with the Subpoenas or Determination to schedule the interviews of Mr. Rex and Mr. Arellano, and would *not* provide the documents and information to be produced under the Document Subpoena and Determination. (*See* Decl. ¶¶ 17–19, 22.) Frontier maintained that complying with the EEOC's subpoenas would be a "waste of time," noting that Frontier was seeking to settle claims through private lawsuits filed by eight of the ten charging parties. (Decl. Ex. 6 at 2)  Frontier never provided the evidence and information required by the Commissions' Subpoenas.  (Decl., ¶23.)  Although two Charges of Discrimination remain open (Decl. ¶22), the Commission's Investigation remains ongoing (*id.*), and Frontier's efforts to negotiate a private settlement of some or all charges have been unsuccessful (*id.*, ¶21), Frontier has refused to comply with the EEOC's Subpoenas and Determination (*id.*, ¶17, 23.)

## II. ARGUMENT

### A. Legal Standards

#### i. EEOC Investigation and Subpoena Authority

The EEOC is directed to investigate charges of discrimination alleging violations of the ADA and Title VII. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(b); 29 U.S.C. §626(a). Title VII grants the EEOC broad investigatory powers, providing that the Commission "shall . . . have access to . . . any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C.

5

§ 2000e-8(a). Once the EEOC receives a charge, the agency "shall make an investigation thereof" to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b).

If an employer refuses to provide the EEOC with information sought in an investigation, the EEOC may issue an administrative subpoena and ask a district court to enforce compliance with the subpoena. § 2000e-9 (incorporating 29 U.S.C. § 161). EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). *See also EEOC v. Randstad,* 685 F.3d 433, 442 (4th Cir. 2012); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986) ("*Maryland Cup*"); see also *EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984).

    ii.   Broad Relevance Standard in Enforcing EEOC Subpoenas

To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that: 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *See Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *Shell Oil Co.*, 466 U.S. at 72 n.26; *Dillon Companies*, 310 F.3d at 1274; *Randstad*, 685 F.3d at 442; *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 746 (8th Cir. 2011); *Konica Minolta*, 639

F.3d at 368; *United Air Lines*, 287 F.3d at 649; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*).

When a court assesses whether information the EEOC seeks is "relevant to the charge," 42 U.S.C. § 2000e-8(a), it must be "cognizant of the 'generou[s]' construction that courts have given the term 'relevant.'" *McLane Co. v. EEOC*, 137 S. Ct. 1159, 1165 (2017) ("*McLane I*") (alteration in original) (quoting *Shell Oil*, 466 U.S. at 68–69). The statutory "relevance" requirement "is not especially constraining" and the term "relevant" should be "generously construed" to afford the EEOC "access to virtually any material that might cast light on the allegations against the employer." *Shell Oil*, 466 U.S. at 68, 69. In 2017, the Supreme Court reaffirmed that understanding of "relevance" in *McLane I*, 137 S. Ct. at 1165, 1169. "At the investigative stage, the EEOC is trying to determine only whether 'reasonable cause' exists 'to believe that the charge is true.'" *EEOC v. McLane Co., Inc.*, 857 F.3d 813, 815 (9th Cir. 2017) ("*McLane II*"). Accordingly, "the relevance standard in this context sweeps more broadly than it would at trial." *Id.*

Once the predicate showing has been made, a court will enforce the subpoena unless the respondent can prove that the subpoena is unduly burdensome. *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009); *Children's Hosp. Med. Ctr.,* 719 F.2d at 1428; *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *Maryland Cup*, 785 F.2d at 475-76; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).

### B. Analysis

#### 1. The Subpoenas Are Within the Agency's Authority.

The EEOC is investigating charging parties' allegations that Frontier discriminated against them in violation of the ADA and Title VII. Valid charges have been filed, and the subpoenas contain all the information required by EEOC regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena). *See also Shell Oil Co.*, 466 U.S. at 67-74 (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same). The subpoenas are within the agency's authority. Petitions to Revoke or Modify the subpoenas, filed with the EEOC, Frontier did not challenge the validity of the subpoenas or the EEOC's authority to issue them. (*See generally* Decl. Ex. 5.) It cannot reasonably do so now.

#### 2. The information sought is definite.

The subpoenas clearly identify the evidence sought, namely: the recorded testimony of Mr. Rex and Mr. Arellano, under oath, as well as listed information related to policies requiring Flight Attendants to provide Frontier notification of a pregnancy; positions subject to Frontier's pregnancy notification policies; documents that discuss ADA or pregnancy-related accommodations; and documents related to temporary work placements, if any, with any outside employers or agencies due to pregnancy or related need. (See Decl. Ex. 1 at 1, 3, 7–8, 9, 11.)

### 3. The Subpoenas Seek Relevant Information.

#### i. *The Witness Subpoenas are Relevant to the Investigation*

In its objections and communications with the EEOC, Frontier has not disputed that Assistant Chief Pilot Rex and Senior Employee Relations Director Arellano each have knowledge relevant to the charges filed by the Frontier pilots and flight attendants under their management. (See Decl. Ex. 4 at 4, 25–28; Decl. Ex. at 7, 45–46.)  The Commission's investigative authority allows it to seek and memorialize relevant witness testimony.  Moreover, the subpoenas specifically identified topics on which thee witnesses may provide relevant testimony, including "Frontier Airline's policies, procedures, and practices," with regard to the ADA and Title VII, and Frontier's "pregnancy, breastfeeding and childbirth related policies, dependability policies, maternity leave . . .  reasonable accommodations for breastfeeding and temporary work assignment and modified work duties, disciplinary actions and job duties." (Decl. Ex. 1 at 1, 3.)  These topics are tied to the charging parties' allegations and the workplace policies and actions at issue.  Subpoenas requiring such testimony comfortably lie within the broad relevance test applicable here. *See Shell Oil,* 466 U.S. at 68–69.

In its Petitions to Revoke or Modify, Frontier objected that the witness testimony sought lacked "temporal or subject matter limitations" (Decl. Ex. 4 at 15, 35), but this does not provide grounds to avoid complying with the subpoenas.  The relevant timeframe is set by the allegations in the charges, including policies in place at least since 2010 *(See, e.g.,* Decl. Ex. 2 at 15, ¶¶ 18-20), and the witnesses' own knowledge. Unlike a document production, if a witness lacks knowledge from any time period, the

testimony simply identifies the limit. There is no undue burden for a witness to state what he does not know based on time period, and the Commission's determination correctly found no merit in Frontier's objection.  (Decl. Ex. 5 at 10–11.)

Frontier also objected in its Petitions to  Revoke or Modify the Subpoenas that the testimony of Mr. Rex and Mr. Arellano might improperly reveal private employee information, such as information about employee's health information.  Such concerns do not present a basis to avoid complying with an EEOC subpoenas. *See, e.g., EEOC v. Aon Consulting, Inc.,* 149 F.Supp.2d 601, 606 (S.D. Ind. 2001) ("[T]he Supreme Court has rejected defenses based on confidentiality concerns in EEOC subpoena enforcement proceedings." (citing *EEOC v. Assoc. Dry Goods Corp.,* 449 U.S. 590, 604 (1981) and *Univ. of Pa..,* 493 U.S. at 189)); *EEOC v. City of Milwaukee,* 54 F.Supp.2d 885, 892 (E.D. Wis. 1999) ("[A]n employer has no categorical right to refuse to comply with an EEOC subpoena unless the EEOC first assures the employer that the information supplied will be held in absolute secrecy.").  Therefore, the Commission's determination again correctly rejected Frontier's objection.

      ii.   <u>The Documents Sought are Relevant to the Investigation</u>

The four categories of documents for which the EEOC seeks subpoena enforcement here, are directly tied to Frontier's ADA and/or pregnancy-related policies, and to the allegations in the charges—issues central to the investigation. For example, the charges and investigation directly address Frontier's alleged blanket policies of denying certain accommodations to pregnant or breastfeeding employees.  Information tending to show whether Frontier did or did not treat pregnancy-related conditions

differently than other bases for employees' accommodation requests bears directly on those allegations and falls easily within the broad relevance test here. See *Young*, 135 S. Ct. at 1354; *McLane I*, 137 S. Ct. at 1165, 1169. The requests seek information pertaining to Frontier's pregnancy notification policy, pregnancy-related accommodations, and potential alternate job placement due to pregnancy or ADA-related impairments. This information is relevant, falls within the EEOC's subpoena authority, and should be produced in compliance with the subpoenas and Determination.

### 4. There is No Undue Burden to Frontier.

The Subpoenas are enforceable unless Frontier could show the cost of compliance with the Subpoenas is "unduly burdensome in the light of the company's normal operating costs." *Maryland Cup Corp.*, 785 F.2d at 479. Courts will not excuse compliance with a subpoena on the grounds of burdensomeness unless the respondent establishes that compliance seriously threatens to disrupt or hinder the normal operation of a business. See *Randstad*, 685 F.3d at 451; *Quad/Graphics,* 63 F.3d at 648-49; *Citicorp Diners Club,* 985 F.2d at 1040. Frontier carries a "difficult burden" in seeking to establish a sufficient claim of undue burden. *United Air Lines,* 287 F.3d at 653. "There is a presumption in favor of requiring an employer's compliance with a subpoena when the Commission inquires into legitimate matters of public interest." *Konica Minolta*, 639 F.3d at 371. A Respondent's mere conclusory allegations of a burden are not sufficient. *United Air Lines*, 287 F.3d at 653.

11

In its Petitions to Revoke before the Commission, Frontier made no showing that compliance would be unduly burdensome or costly and it cannot do so here. As to the Witness Interviews, Frontier has identified no practical way in which it would be burdened by having witness interviews proceed under oath and audio recorded. In fact, Frontier had agreed to allow the interviews of Rex and Arellano without a subpoena, but objected only to the administration of an oath to tell the truth and recording of the interviews. (See Decl. Ex. at 6–7.) These procedures add no discernible cost, delay, or other burden to providing relevant testimony in a manner that is memorialized and advances the Commission's investigation. Likewise, Frontier has made no showing of how it would be unduly burdened by producing the four discrete categories of documents for which the EEOC seeks subpoena enforcement.[3]

### 5. Frontier's Anticipated Objections are Meritless.

The Commission's Determination correctly rejected Frontier's other shotgun-style objections to the Subpoenas. The Commission incorporates by reference here the analysis included in the Determination (Decl. Ex. 5 at 8–28), and briefly addresses objections may again raise in this Court, primarily related to the requiring that the testimony of Mr. Rex and Mr. Arellano be provided under oath and audio recorded.[4]

---

[3] To the extent Frontier offers an undue burden showing before this Court different or additional what it offered in its Petitions to Revoke or Modify or communications with the EEOC, the EEOC reserves the right to respond to any newly-offered argument or information in Reply filings.

[4] In its Petitions to the Revoke or Modify, Frontier made numerous conclusory and undeveloped objections to the Document subpoena. Frontier failed to provide evidence in support of its objections and most are not relevant here given the scope of enforcement the EEOC now seeks. The EEOC correctly overruled each of Frontier's objections in the

First, Frontier objected before the Commission that recorded interviews under oath would require the witnesses to "submit to a deposition." (Ex. 5-A at 6; Ex. 5-B at 6-7.) The Commission's Determination correctly overruled this objection. EEOC enforcement staff are explicitly granted statutory authority to "administer oaths and affirmations, examine witnesses, and receive evidence." 29 U.S.C. § 161(1) (NLRA provision); 42 U.S.C. § 2000e-9 (incorporating this authority under Title VII "[f]or the purpose of all hearing and investigations conducted by the [EEOC]"); 42 U.S.C. § 12117(a) (same, as to ADA); *see also EEOC Compliance Manual §* 24.9(a). Likewise, the "attendance of witnesses and the production of such evidence may be required . . . at any designated place of hearing." 29 U.S.C. § 161(1). Consequently, the EEOC's regulatory authority and procedural guidance provide that EEOC enforcement staff may "secur[e] written or oral testimony given by a witness under oath." *EEOC Compliance Manual §* 24.9(a)). Likewise, the EEOC's subpoena authority permits it to "requir[e] ... [t]he attendance and testimony of witnesses." 29 C.F.R. § 1601.16(a)(l).

Second, as to audio recording of the testimony, Frontier objected to the Commission that the Compliance Manual states investigators should not "ordinarily" record interviews. *EEOC Compliance Manual §* 23.10. But this advisory guidance hardly prohibits such recordings. To the contrary, it recognizes that recordings may be appropriate. The more applicable portion of the EEOC Compliance Manual addresses "Subpoenas," and expressly contemplates taking depositions which may be

---

Determination.  (Decl. Ex. 5.)  The EEOC incorporates that analysis by reference here and reserves the right to address in reply submissions any objections Frontier may now raise or further develop before this Court.

stenographically transcribed or audio recorded ("as a backup"). *Id.* § 24.9(a)-(b). Frontier has never identified any cited legal authority requiring the EEOC to take on the expense, effort, and inefficiency of hiring a stenographic reporter to formally transcribe an investigation interview, when an audio recording serves the same practical purposes as well or better.

One prior court decision overruling an objection to the EEOC audio recording of investigation interviews found, that the reviewing court "[could not] conclude that the difference between recording by audio tape and recording by a court reporter is of statutory or constitutional significance." *EEOC v. AutoNation, Inc. d/b/a Lou Grubb Dodge,* No. 2:05-cv-01258-DGC (D. Ariz. April 22, 2005) (unpublished) (Attached as Ex. 1 to this Memorandum). Frontier has cited no contrary authority to the Commission in its Petitions to Revoke or Modify and it has not and cannot show that its clear preference avoid having interviews recorded provides any legal basis to defeat the EEOC's investigatory authority. *See generally Dillon Cos.,* 310 F .3d at 1275 (subpoenas are enforceable unless "plainly incompetent or irrelevant to any lawful purpose").

### III.  CONCLUSION

The Court should enforce the EEOC's subpoenas DE-018-020, DE-018-021, and DE-018-022, consistent with the Commission's Determination. The Subpoenas seek testimony and information that is relevant to valid charges of discrimination. The subpoenas are valid under the EEOC's enforcement authority and the requests are definite. Frontier has not and can not show that complying would be unduly

burdensome to it under the controlling legal standard.  Accordingly, the EEOC respectfully requests that the Court enter the accompanying proposed Order to Show Cause, and, after giving Frontier an opportunity to be heard, enforce the Subpoenas consistent with the EEOC's Determination, and require Frontier to comply.

DATED:   September 30, 2021

Respectfully submitted,

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

RITA BYRNES KITTLE
Supervisory Trial Attorney
Telephone:  303.866.1347
E-Mail:  rita.kittle@eeoc.gov

/s/ Nathan Foster
Trial Attorney
Telephone:  720.779.3634
E-Mail: Nathan.Foster@eeoc.gov

Karl R. Tetzlaff
Trial Attorney
Telephone:  720.779.3619
E-Mail:  Karl.Tetzlaff@eeoc.gov

EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
Denver Field Office
950 17th Street, #300
Denver, CO  80202

*Attorneys for Applicant-Plaintiff EEOC*