FILED ___ LODGED
RECEIVED ___ COPY

APR 27 ?

CLERK U S DISTRICT COURT
BY

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. MC05-0022-PHX-DGC |
| Applicant, | **ORDER** |
| vs. | CV 05-1258 PHX DGC |
| AutoNation, Inc., dba Lou Grubb Dodge, | |
| Respondent. | |

On April 20, 2005, the Court held a hearing on the Order to Show Cause previously issued on March 3, 2005 (Doc. #3). Respondent has declined to comply with the subpoenas issued by the EEOC requiring depositions of Respondent's employees. Under the subpoenas, the employees would be questioned under oath, by an EEOC investigator, and their responses would be tape recorded. In the case of non-management personnel, the depositions would occur without the participation of Respondent's management or counsel. In the case of management employees, counsel would be present.

Respondent does not challenge the EEOC's statutory or regulatory authority to conduct the current investigation or undertake the depositions called for in the subpoenas. Rather, respondent argues that tape recording of sworn testimony, without cross-examination and in the case of non-management employees without the participation of Respondent's counsel, would constitute a violation of Respondent's due process and Fourth Amendment rights. Respondent cites no case law in support of this argument. Respondent argues that, as a matter of fundamental fairness, employees should not be subject to such one-sided

examinations, particularly when the examinations will be recorded for possible use in later court proceedings.

As part of its argument, Respondent notes that Section 23.10 of the EEOC's Compliance Manual states that EEOC investigators should "not use any electronic recording device to record information furnished by the witness." Respondent argues that this provision amounts to a procedural protection that is being violated in this case. In response, the EEOC notes that Section 24.9 of the Compliance Manual provides for the taking of oral testimony in a deposition and specifically states that "[t]he testimony should be recorded." This provision makes clear, however, that the recording should be by "a stenographer or court reporter."

Generally, "[t]he scope of the judicial inquiry in an EEOC or any other agency subpoena enforcement proceeding is quite narrow." *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc). "The critical questions are (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Id.* Respondent does not argue that the EEOC lacks congressional authority to conduct this investigation or that the evidence sought is irrelevant or immaterial, and the only alleged procedural defect in the EEOC's procedures identified by Respondent is its failure to comply with the prohibition on audio recording. As noted above, however, the Compliance Manual specifically calls for the recording of oral depositions, and the Court cannot conclude that the difference between recording by audio tape and recording by a court reporter is of statutory or constitutional significance.

Nor can the Court conclude that the proposed depositions would violate Respondent's due process rights. Respondent will have counsel present when management employees are deposed and may choose to have management or counsel debrief non-management employees following their depositions. Respondents can obtain copies of the audio tapes of each deposition and can even provide a recorder to make their own audio tape. Respondents

can submit supplemental information to the EEOC as part of the investigation, including information that corrects or amends any arguably incorrect statement made by witnesses during the depositions. Moreover, "[w]hen only investigative powers of an agency are utilized, due process considerations do not attach." *Georator Corp. v. Equal Employment Opportunity Commission*, 592 F.2d 765, 768 (4th Cir. 1979); *see also Hannah v. Larche*, 363 U.S. 420, 442 (1960) ("when government action does not partake of an adjudication, as for example, when a general fact-finding investigation is being conducted, it is not necessary that the full panoply of judicial procedures be used").

Nor can the Court conclude that the depositions would violate Respondent's Fourth Amendment rights. These are depositions of persons employed by Respondent. The subpoenas do not seek to conduct a search of Respondent's property or to seize Respondent's possessions. The Court cannot conclude that Respondent has a Fourth Amendment right to protect from disclosure the information within the heads of its employees.

**IT IS ORDERED:**

1. Respondent shall comply with the subpoenas issued by the EEOC.

2. The parties should agree upon a reasonable schedule for compliance with the subpoenas.

DATED this 22nd day of April, 2005.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge

- 3 -

**MEMORANDUM**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**OFFICE OF THE CLERK**

TO:    All Counsel of Record       DATE: April 27, 2005

FROM:  Clerk, U.S. District Court, District of Arizona

RE:    Reassignment of a Miscellaneous Case to a Civil Case

       Equal Employment Opportunity Comm. v. AutoNation, Inc
       MC 05-22 PHX-DGC


__XX__  The above matter has been reassigned to the Civil Docket. All future pleadings in this matter should now list the following complete case number: CV 05-1258 PHX-DGC


**PLEASE CHANGE YOUR RECORDS ACCORDINGLY.**


RICHARD H. WEARE
Clerk of Court/DCE


By: _____
         Deputy Clerk


cc: Counsel of Record
    ❖

miscresn.wpd