IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-mc-00191-DDD-SKC

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,

   Applicant-Plaintiff,

   v.

**FRONTIER AIRLINES,**

   Respondent.

---

**UNOPPOSED MOTION TO RESTRICT —
FOR LEVEL ONE RESTRICTION OF ECF NOs. 2-2, 2-3 & 2-6**

---

     Pursuant to D.C.COLO.LCivR 7.2, 42 U.S.C. § 2000e-5(b), and 29 C.F.R. § 1601.22, Applicant-Plaintiff EEOC moves the Court for Level 1 Restriction of ECF Nos. ECF 2-2, 2-3, and No. 2-6. In support, the EEOC states as follows:

    1. Local Civil Rule 7.2(a) provides public access to court filings, "[u]nless restricted by statute, rule of civil procedure, or court order." D.C.COLO.LCivR 7.2(a).

    2. Information related to pending EEOC charges is made confidential by statute, 42 U.S.C. § 2000e-5(b), subject to limited exceptions, which include disclosures "to charging parties, or their attorneys, respondents, or their attorneys, or witnesses where disclosure is deemed necessary for securing appropriate relief," and "disclosures to representatives of interested Federal, State, and local authorities as may be appropriate or necessary to the carrying out of the Commission's function[s]," 29 C.F.R.§ 1601.22. *See also generally EEOC v. Assoc. Dry Goods Corp.*, 449 U.S. 590, 596, (1981).

3. Certain documents filed in connection with opening this administrative subpoena enforcement action include information contained in and related to pending EEOC charges and the EEOC's charge files. These include copies of the Charges of Discrimination (ECF No. 2-2 (the "Charges")); copies of Respondents' Position Statements responding to the Charges of Discrimination (ECF No. 2-3); and communication between EEOC staff and Respondent's counsel (ECF No. 2-6).

4. Under the statutory and regulatory provisions cited above, access to these materials is presumptively "restricted by statute" and by EEOC Regulation. The presumption of public access under Local Rule 7.2(a) therefore should not be applied as with materials that are not subject to statutory restriction. D.C.COLO.LCivR 7.2(a).

5. In addition, certain of the allegations included in the Charges of Discrimination—which allege pregnancy-related disability and sex discrimination—include medical or other personal information in which the charging parties have a privacy interest that is entitled to protection. Such facts are appropriately and routinely filed "under seal" or restriction, including under Local Rule 7.2. *See, e.g., United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015) ("the privacy interest inherent in personal medical information can overcome the presumption of public access"); *Mathews v. Denver Newspaper Agency, LLP*, No. 07-CV-02097-CMA-KLM, 2011 WL 13213930, at *1 (D. Colo. Oct. 24, 2011) (restricting access to information pertaining to medical and disability benefit-related information); *Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, No. 18-CV-01897-DDD-NYW, 2020 WL 7979022, at *2 (D. Colo. Nov. 3, 2020) (recognizing "personal medical information" as overcoming the presumption of

public access); *Kubie v. Target Corp.*, No. 09–cv–00669–ZLW–KMT, 2009 WL 5216943, at *5 (D. Colo. Dec. 30, 2009) (ordering medical records filed "under seal").

6. Level 1 Restriction is appropriate. Disclosure of the charge-related documents to the Respondent and the Court is permitted. *See Associated Dry Goods*, 449 U.S. at 597–97; 29 C.F.R. § 1602.22. However, disclosure to the public would risk the injuries of unnecessarily disclosing information otherwise kept confidential by statute, and in which the private Charging Parties (who are not parties to this proceeding) have privacy interests. *See* D.C.COLO.LCivR 7.2(c)(3); 42 U.S.C. §2000e-5(b); *Dillard*, 795 F.3d at 1205.

7. The interests to be protected outweigh the relevant interest in public access. *See* D.C.COLO.LCivR 7.2(b). The public interest in open access will be served because the existence of the Charges and the EEOC's administrative subpoena proceedings and history will remain public. (See ECF Nos. 2; 2-1; 2-4; 2-5.) The procedural facts, as set out in the public filings and documents, provide the relevant grounds for the Court's determination of this subpoena enforcement proceeding. (*See* ECF No. 2; ECF No. 3 at 2–5.) The question of whether to enforce the EEOC's subpoena is separate from any determination on the merits of the underlying allegations of discrimination. *See EEOC v. Dillon Cos. Inc.* 310 F.3d 1271, 1277 (10th Cir. 2002) (explaining that EEOC subpoena enforcement is not a "mini trial" on the merits of the underlying allegations, and that district court role in subpoena enforcement does call for determining whether allegations in the charges are "well founded" (citing *EEOC v. Shell Oil Co.*, 466 U.S., 54, 72 n.26 (1984)). The requested restriction will leave the facts and records that are relevant to the Court's current determination public, while protecting the personally sensitive and statutorily protected materials.

3

8. No alternative to restriction is reasonably practicable. *See* D.C.COLO.LCivR 7.2(c)(4). The statutory and regulatory confidentiality cited above attach to the referenced documents, not to portions thereof. The procedural facts established by these documents' existence are relevant to this proceeding and will remain a matter of public record. But the substance within the restricted contents of the documents need not be publicly disclosed, in whole or in part, to resolve this subpoena enforcement action. Moreover, the Charging Parties, who have disclosed personal information in their allegations and might, for example, select particular information for redaction, are not parties to this proceeding.

9. Undersigned counsel conferred with counsel for Respondent pursuant to D.C.COLO.LCivR 7.1(a) and states that Respondent does not oppose this request for restriction.

*WHEREFORE*, the EEOC respectfully requests that the Court Order Level 1 Restriction for the documents filed at ECF Nos. 2-2, 2-3 and 2-6.

Date: October 8, 2021

Respectfully submitted,

*/s/ Nathan D. Foster*
EEOC Denver Field Office
950 17th Street, Suite 300
Denver, CO 80202
Telephone: (720) 779-3634
nathan.foster@eeoc.gov
*Attorney for Plaintiff EEOC*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  Under D.C.COLO.LCivR 5.2(d), "[t]he Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certificate of service."

                                              *s/ Nathan Foster*
                                            Attorney for Plaintiff